**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| SANGYI SEVILLA, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:06-CV1710-JOF |
| UNITED STATES OF AMERICA, : | |
| et al., : | |
| : | |
| Defendants. : | |

**OPINION AND ORDER**

This matter is before the court on Defendants' motion to dismiss [8-1].

**I.     Background**

    **A.     Procedural History**

Plaintiff, Sangyi Sevilla, filed suit against Defendants, the United States of America ("USA"), and agencies United States Department of Homeland Security ("DHS") and United States Citizenship and Immigration Services ("CIS"), on July 21, 2006, under the Federal Tort Claims Act (hereinafter "Act" or "FTCA"), 28 U.S.C. §§ 1331 and 1346(b). Plaintiff also asserts claims of assault, battery, false imprisonment, and intentional infliction of emotional distress against these Defendants and against Defendant Kelvin Renard Owens. Plaintiff asserts that Defendant Owens sexually assaulted her during Plaintiff's interview for

United States citizenship in the Atlanta offices of CIS. Defendants USA, DHS, and CIS filed the instant motion to dismiss Plaintiff's claims against them on February 2, 2007.

### B. Facts

The facts in this case are taken from Plaintiff's complaint. On June 1, 2004, Defendant Owens interviewed Plaintiff as part of the naturalization process at the United States Citizenship and Immigration Services Atlanta District Office. Cmpl. ¶ 13. Defendant Owens was at that time employed by CIS, a subsection of DHS, as a District Adjudications Officer. *Id.* at ¶ 9. During the interview, Defendant Owens grabbed Plaintiff's breasts and genitalia, forced her to touch his genitals, and blocked the door to the interview room to keep Plaintiff from leaving. *Id.* at ¶ 14. Plaintiff escaped from the room and reported the incident. *Id.* at ¶ 16; Pl.'s Supplement to Cmpl., SR-95 Form, Oct. 4, 2005.

On March 4, 2005, Defendant Owens pleaded guilty to sexual assault before United States Magistrate Judge Alan Baverman. Cmpl. ¶ 18. As a result of this conviction, Defendant Owens was fired by CIS on May 26, 2005. Plaintiff submitted appropriate documentation to the government, seeking $5,000,000 in damages for Defendant Owens' sexual assault. Pl.'s Supplement to Cmpl., SR-95 Form, Oct. 4, 2005. The government denied Plaintiff's administrative claim after having determined that Owens was not acting within the scope of his employment when he assaulted Plaintiff. Pl.'s Supplement to Cmpl., Letter to Pl. from CIS, Apr. 6, 2006.

### C. Contentions

The Federal Tort Claims Act waives the United States' sovereign immunity and provides federal courts with jurisdiction over the government for torts committed by employees only when those employees are acting within the scope of their employment. 28 U.S.C. § 1346(b)(1). Defendants USA, DHS, and CIS contend that they are not subject to this court's jurisdiction under the Act because Defendant Owens was not acting within the scope of his employment when he sexually assaulted Plaintiff.

Plaintiff contends that, because he was conducting her citizenship interview, Defendant Owens was acting within the scope of his employment when he sexually assaulted her. Plaintiff contends that the federal government and its agencies are subject to jurisdiction under the Act because Defendant Owens was acting within the scope of his employment. Plaintiff further contends that, under Georgia law, the determination of whether the servant deviated from the prosecution of the master's work and whether that deviation affects the master's responsibility for the servant's act is a jury question.

## II. Discussion

A complaint should be dismissed under Rule 12(b)(1) when the federal court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Courts ruling on a motion to dismiss must accept the facts pleaded in the complaint as true and must construe all facts in the light

3

most favorable to the plaintiff. *See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983).

The Federal Tort Claims Act exempts the United States Government and its agencies from sovereign immunity and provides the federal courts with jurisdiction for torts committed by federal employees acting within the scope of their employment if a private person would be liable to the claimant under the law of the place where the tortious act occurred. Federal Tort Claims Act, 28 U.S.C. § 1346 (b)(1) (1997). Accordingly, Georgia law governs the determination of whether the employee was acting within the scope of his employment at the time the act occurred. *See Bennett v. U.S.*, 102 F.3d 486, 489 (11th Cir. 1996) (stating that, for FTCA claims, Georgia law governs the determination of whether a soldier's act took place in the line of duty and that "in the line of duty" has the same meaning for military personnel that "within the scope of employment" has for civilians).

In Georgia, the test is whether the tortious act was "done within the scope of the actual transaction of the master's business for accomplishing the ends of his employment." *Reynolds v. L & L Mgmt.*, 228 Ga. App. 611, 613 (1997). If a servant steps aside from his master's business to do an unrelated act that results in injury to another, the master is not liable. *Id. See also Piedmont Hosp. v. Palladino*, 276 Ga. 612, 613 (2003) (citing Adams, *Georgia Law of Torts*, p. 263, § 7-2 (2002 ed.)) (stating that two elements must be present

4

to hold a master liable under respondeat superior: the servant must be acting in furtherance of his master's business as well as within the scope of the master's business).

Plaintiff argues that the location (a private interview room with a closed door) and context of the sexual harassment (taking place during and after a mandatory interview as part of the U.S. government's naturalization procedures) places Defendant Owens' conduct within the scope of his employment as a CIS officer. Pl.'s Resp. to Defs.' Mot. to Dismiss 3-4. Plaintiff states that the "actual acts and the prosecution of the job duties are so closely connected that they are 'inextricably entwined,'" and that "it necessarily follows that these acts occurred within the scope of the transaction of the business of the Government." *Id.*

Georgia courts have discussed employer liability in sexual assault circumstances. In *Piedmont Hosp., Inc. v. Palladino*, the plaintiff brought an action against the hospital system arising out of a hospital employee's inappropriate touching of the plaintiff's genitals. 276 Ga. 612 (2003). The plaintiff, Albert Palladino, alleged that he awoke from angioplasty surgery to find a hospital employee rubbing his (Palladino's) genitals with both hands. *Id.* at 613. Palladino brought an action against the hospital under a theory of respondeat superior. *Id.* The Georgia Supreme Court held that the hospital could not be liable for the actions of its employee under respondeat superior because any improper manipulation of the patient's genitals was done for reasons entirely personal to the employee. *Id.* at 614. The court held that the employee's alleged sexual assault on Palladino was neither within the

5

employee's scope of employment nor in furtherance of the hospital's business. *Id.* at 616. *See also Alpharetta First United Methodist Church v. Stewart*, 221 Ga. App. 748, 752 (1996).

In *Doe v. Fulton-DeKalb Hosp. Auth.*, No. 1:05-CV-2277-TWT, 2006 WL 1222289 (N.D. Ga. May 4, 2006) (Thrash, J.), where the court applied Georgia law, three female patients sued a hospital and several staff members for alleged sexual harassment on the part of one of the hospital's drug counselors. 2006 WL 1222289, at *1. The plaintiffs argued that because the defendant drug counselor was authorized to discuss the plaintiffs' personal thoughts and feelings, escalation to discussions of his own sexual fantasies was not outside the scope of his employment. *Id.* at *5. The plaintiffs argued that "the separation between acts inside and outside the scope of employment was 'too refined a distinction to resolve on a motion to dismiss.'" *Id.* at *5 (citations omitted). The court, however, dismissed the claims against the hospital, stating that "[w]hereas an employee can still be acting in the line of employment during an ordinary assault, Georgia courts have continually emphasized that sexual assault is outside the scope of the master's business." *Id. Accord Alpharetta*, 221 Ga. App. at 752.

Given that Georgia law holds that an employer is not responsible for employees' sexual misconduct due to the personal nature of the act, Plaintiff fails to show how Defendant Owens' sexual assault occurred within the scope of the transaction of

6

Government business. There is no part of a citizenship interview conducted by a District Adjudications Officer that requires sexual conduct. Nor can there be a legitimate argument that the Government's interests are advanced through the sexual assault of resident aliens pursuing naturalization.

*Reynolds v. L & L Mgmt.*, 228 Ga. App. 611 (1997), and *Bacon v. News-Press & Gazette*, 188 Ga. App. 703 (1988), are distinguishable from the instant case because they address ordinary torts and not sexual assault. In *Reynolds*, the Court of Appeals of Georgia denied summary judgment to the defendant fast food restaurant because the court could not say that, as a matter of law, an employee's act that injured a customer was committed outside the scope of employment. 228 Ga. App. at 613. In *Bacon*, the Court of Appeals of Georgia overturned a summary judgment that exempted from liability a news organization whose cameraman may have injured the appellant by pointing a gun at him during an argument. 188 Ga. App. at 705. The court found that there were material questions of fact as to whether the cameraman was acting within the scope of his employment at the time he pointed a gun at the appellant. *Id*.

Both *Bacon* and *Reynolds* deal with allegations of ordinary assault, which Georgia law has found may sometimes occur within an employee's scope of employment. *Fulton-DeKalb*, 2006 WL 1222289 at *5 (citing *American Multi-Cinema v. Walker*, 270 Ga. App. 314 (2004); *Brown v. AMF Bowling Centers*, 236 Ga. App. 277, 278 (1999)). Plaintiff fails

7

AO 72A
(Rev.8/82)

to show why *Reynolds* and *Bacon* ought to govern a case involving sexual assault, which Georgia courts have held is never within the scope of employment.

Plaintiff relies on *Lawrence v. Dunbar*, 919 F.2d 1525 (11th Cir. 1990), for the proposition that determination of subject matter jurisdiction for this case is intermeshed with a determination of material fact and, therefore, any motion to dismiss must be denied. This reliance is misplaced. *Lawrence* is easily distinguished from the instant case. In *Lawrence*, there was a dispute as to whether attendance at federal agencies' holiday parties was within the scope of a border patrol agent's employment. 919 F.2d at 1530. While a border patrol supervisor testified that holiday party attendance was not within the scope of an agent's employment, the defendant's time sheet showed that he had been paid for the hours he spent at the party. *Id.* at 1527-28. In the instant case, no such determination of the scope of employment must be made; it is undisputed that Defendant Owens sexually assaulted Plaintiff, and Georgia courts have consistently held that sexual assault falls outside the scope of employment.

### III.  Conclusion

For the reasons set forth above, the court finds as follows: Defendants United States of America, United States Department of Homeland Security, and United States Citizenship and Immigration Services' Motion to Dismiss [8-1] Plaintiff's complaint pursuant to 12(b)(1) of the Federal Rules of Civil Procedure is GRANTED.

8

It is unclear that Defendant Owens was properly served notice of Plaintiff's complaint; a summons was issued, but there is no documentation that service was properly made. There is no record that Owens is represented by an attorney in this case. For these reasons, and because all federal claims relating to this complaint have been decided, the court declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367 over the remaining state claims against Defendant Owens. The Clerk of the Court is DIRECTED to DISMISS Plaintiff's complaint.

IT IS SO ORDERED, this 1st day of June 2007.

                                                  s/ J. Owen Forrester
                                                 J. OWEN FORRESTER
                                 SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)